# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

MATTHEW CORBETT LAWRENCE                                                            PLAINTIFF
#795861

V.                                    No. 3:23-CV-101-DPM-JTR

KEITH BOWERS, Jail Administrator,
Craighead County; MARTY BOYD,
Sheriff, Craighead County; and
HANNAH CARTER, Head Nurse,
Turnkey/Craighead County Detention Center                                         DEFENDANTS

## ORDER

On May 2, 2023, Plaintiff Matthew Corbett Lawrence ("Lawrence"), an inmate incarcerated in the Craighead County Detention Center ("CCDC"), filed a *pro se* § 1983 Complaint against the CCDC Jail Administrator, Keith Bowers ("Administrator Bowers"), the Craighead County Sheriff, Marty Boyd ("Sheriff Boyd"), and a CCDC nurse, Hannah Carter ("Nurse Carter"). *Doc. 2*. Before Lawrence can proceed with this action, the Court must screen his claims.[1]

To survive § 1915A screening, a "complaint must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face."

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[N]aked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal,* 556 U.S. at 678. Finally, a plaintiff must plead facts showing how *each defendant* was *personally involved* in the alleged constitutional wrongdoing. *Id.* at 676.

In his Complaint, Lawrence alleges that, on January 13, 2023, he received a broken right wrist after being "physically assaulted by multiple individuals" in the CCDC. *Doc. 2 at 4*. He was transported to the hospital for medical treatment and was discharged with instructions to "return (2) days later," so the doctors could determine if surgery was needed. *Id.*

Despite the doctor's instructions, Lawrence was not taken back to the hospital until five weeks later. *Id.* By that point, "too much healing" had occurred and Lawrence was told that, "in order to gained back full mobility," he would need a "more complex surgery that involves re-breaking [his] wrist." *Id.*

Lawrence purports to sue the Defendants in their "official capacity[ies] only." *Id. at 2*. In addition to monetary compensation, Lawrence requests to be "released from defendant's custody" so he may seek adequate medical treatment. *Id. at 6*.

As written, Lawrence's Complaint fails to state a claim for relief. First, official capacity liability only attaches when an alleged constitutional violation results from

an official policy, unofficial custom, or a failure to train or supervise. *Robbins v. City of Des Moines*, 984 F.3d 673, 681 (8th Cir. 2021). Lawrence does assert that his alleged injuries occurred because of a County policy, custom, or the County's failure to train or supervise.

Assuming, for the sake of analysis, that Lawrence is attempting to bring *personal* capacity claims against Administrator Bowers, Sheriff Boyd, and Nurse Carter, those claims also fail because Lawrence has not stated how each of those Defendants was *personally involved* in the deprivation of his constitutional rights.

Finally, Lawrence may not use this § 1983 action to seek release from incarceration. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (prisoners seeking speedier release may only do so "through a habeas corpus action, not through § 1983).

In light of the of the noted deficiencies in Lawrence's Complaint, the Court will give him 30 days, from the date of this Order, to file an Amended Complaint that states: (1) *how* his constitutional rights were violated through Craighead County's policies, practices, or failure to train or supervise its employees; and (2) *if* Lawrence seeks to pursue *personal capacity claims* against Administrator Bowers, Sheriff Boyd, and Nurse Carter, how each Defendant *personally participated* in violating his constitutional rights.

If Lawrence elects not to file an Amended Complaint providing the additional information requested in this Order, the Court will proceed to screen his Complaint. *Lawrence is placed on notice that, if he elects to stand on the allegations in his Complaint, the Court is likely, in screening that pleading, to conclude it should be dismissed, without prejudice, for failing to state a claim for relief.*

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to send Lawrence a new § 1983 complaint form labeled "Amended Complaint."

2. Lawrence will be allowed to file, **within thirty (30) days of the date of this Order,** an Amended Complaint that complies with the directions in this Order. If he does not timely and properly do so, the Court will screen his Complaint, which will likely result in a recommendation that some or all of his claims be dismissed.

IT IS SO ORDERED this 3rd day of May, 2023.

                                                             _____
                                                             UNITED STATES MAGISTRATE JUDGE