# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

MATTHEW CORBETT LAWRENCE                                              PLAINTIFF
#0036791

V.                         No. 3:23-CV-101-DPM-JTR

KEITH BOWERS, Jail Administrator,
Craighead County; MARTY BOYD,
Sheriff, Craighead County;
HANNAH CARTER, Head Nurse,
Turnkey/Craighead County Detention
Center; and CRESTMAN, Correctional
Officer, Craighead County Detention Center                           DEFENDANTS

## ORDER

On May 2, 2023, Plaintiff Matthew Corbett Lawrence ("Lawrence"), a prisoner in the Lonoke County Detention Center ("LCDC"), filed a *pro se* § 1983 action alleging that Defendants violated his constitutional rights by providing him inadequate medical care for his broken wrist. *Doc. 2*. After the Court noted some deficiencies in Lawrence's original Complaint, he filed an Amended Complaint on August 3, 2023. *Doc. 10.* The Amended Complaint will be considered the operative Complaint moving forward. *See In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

*For screening purposes only*, the Court finds that Lawrence has stated viable deliberate indifference claims against the Defendants.[1]

Embedded in the Amended Complaint, Lawrence requests that the Court appoint counsel to represent him and direct Defendants to preserve all evidence related to his deliberate indifference claims. Lawrence's request for appointed counsel is denied, as premature. Defendants are reminded of their duty to preserve all evidence related to this pending litigation.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to prepare summonses for Defendants Bowers, Boyd, and Crestman.

2. The United States Marshal is directed to serve the summonses, Amended Complaint (*Doc. 10*), and this Order on Defendants at the Craighead County Detention Center, without prepayment of fees or costs.[2]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] If any Defendant is no longer a Craighead County employee, the individual responding to service must file a *sealed* statement providing that Defendant's last known private mailing address.

3.	Service for the Turnkey employee, Hannah Carter, will be directed by separate order.

4.	Lawrence's Motion for Status Update (*Doc. 11*) is GRANTED. The Clerk is directed to send him an updated copy of the docket sheet.

SO ORDERED this 16th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE