UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MATTHEW CORBETT LAWRENCE                                         PLAINTIFF
#0036791

V.                      Case No. 3:23-CV-00101-DPM-BBM

KEITH BOWERS, Jail Administrator,
Craighead County; MARTY BOYD, Sheriff,
Craighead County; and HANNAH
BACHLEITNER, Head Nurse,
Turnkey/Craighead County Detention
Center; and ROBERT CHRESTMAN,
Correctional Officer, Craighead County
Detention Center                                                  DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommended Disposition. If you do not file objections, Judge Marshall may adopt this Recommended Disposition without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.    INTRODUCTION

On May 2, 2023, Plaintiff Matthew Corbett Lawrence ("Lawrence") filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights

while he was incarcerated at the Craighead County Detention Center ("CCDC").[1] (Doc. 2). The Court noted some deficiencies in Lawrence's original Complaint (Doc. 4), and Lawrence filed a superseding Amended Complaint on August 3, 2023. (Doc. 10).

After the Court screened Lawrence's Amended Complaint in accordance with the Prison Litigation Reform Act ("PLRA"), Lawrence was allowed to proceed with deliberate-indifference claims against all Defendants. (Doc. 12). Lawrence alleges specifically that Defendants failed to follow any of the instructions from Saint Bernard Medical Center after Lawrence's visit to its emergency department to treat his fractured wrist. (Doc. 10 at 6). Further, Lawrence alleges Defendants purposely failed to "secure his presence" at his follow-up appointments, failed to administer all his prescribed ibuprofen, and failed to administer physical therapy. *Id.* at 6–11, 14–15.

On January 16, 2024, Defendants filed a Joint Motion for Summary Judgment, a Brief in Support, and a Statement of Facts. (Docs. 28–30). In their Joint Motion for Summary Judgment, Defendants argue that Lawrence's claims must be dismissed because he failed to exhaust his available administrative remedies prior to filing this lawsuit. (Doc. 28 at 4).

On January 19, 2024, the Court directed Lawrence to file a response to the Joint Motion for Summary Judgment on or before February 15, 2024. (Doc. 31-1). The Court advised Lawrence that, if he did not do so, all of the facts in Defendants' Statement of Facts

---

[1] Lawrence is currently incarcerated at the Greene County Detention Center. (Doc. 6). However, at all times relevant to Lawrence's claims, Lawrence was incarcerated in the Craighead County Detention Center. (Doc. 10 at 4).

2

could be deemed undisputed by him. *Id.* at 2 (citing LOCAL RULE 56.1(c)). To date, Lawrence has not filed a response, and the time for doing so has passed. After careful consideration of the record, the Court recommends that Defendants' Joint Motion for Summary Judgment be granted and Lawrence's Amended Complaint be dismissed, without prejudice, for failure to exhaust available administrative remedies.

## II.   DISCUSSION[2]

The PLRA requires prisoners to exhaust all available[3] administrative remedies prior to filing a § 1983 action. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Muhammad v. Mayfield,* 933 F.3d 993, 1000 (8th Cir. 2019). In order to do so, prisoners must fully and properly exhaust their available administrative remedies *as to each claim* that is later raised in a § 1983 action and complete the exhaustion process *before* initiating the § 1983 action. *Jones v. Bock*, 549 U.S. 199, 211, 219–20, 223–24 (2007); *Woodford*, 548 U.S. at 93–95; *Burns v. Eaton,* 752 F.3d 1136, 1141–42 (8th Cir. 2014); *Johnson v. Jones*, 340 F.3d 624, 626–28 (8th Cir. 2003). Importantly, "it is the prison's requirements,

---

[2] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249–50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* FED R. CIV. P. 56(c); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011).

[3] An administrative remedy is unavailable: "(1) where it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) where the administrative scheme is so opaque as to be practically incapable of use; and (3) where administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Muhammad*, 933 F.3d at 1000 (citing *Ross v. Blake*, 578 U.S. 632, 641–44 (2016)) (cleaned up).

and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90. Thus, to satisfy the PLRA, a prisoner must comply with the exhaustion requirements of the incarcerating facility before he can properly bring a claim in a § 1983 action.

### A. CCDC Grievance Procedure

It is undisputed[4] that CCDC has an Inmate Requests and Grievances procedure, which Lawrence utilized during his incarceration. (Doc. 29 at 4, ¶ 27; Doc. 28-4 at 54–55). The CCDC Inmate Requests and Grievances procedure requires inmates to submit a written statement promptly after the incident on a specified form. (Doc. 28-4 at 54). "The grievance shall fully state the time, date, names of the jail officer and/or staff members involved, and pertinent details of the incident, including the names of any witnesses." *Id.* A shift supervisor shall determine whether the information contained in the grievance constitutes a violation of the inmate's civil rights, amongst other issues. *Id.* If the grievance does constitute a violation of the inmate's civil rights, an investigation shall be ordered. *Id.*

### B. Lawrence's "Medical Requests/Grievances"

According to the Defendants, Lawrence never submitted a grievance related to his wrist injury, follow-up appointments, a need for additional medication, or physical therapy. (Doc. 29 at 4, ¶ 29). Again, this fact is deemed undisputed. *See supra* note 4. In his Amended Complaint, however, Lawrence claims he submitted several "Medical

---

[4] Because Lawrence did not file a response to Defendants' Joint Motion for Summary Judgment and has not contested any material fact set forth by Defendants in their Statement of Facts, all material facts submitted by Defendants (Doc. 29) are deemed admitted. LOCAL RULE 56.1(c); FED. R. CIV. P. 56(e).

Requests/Grievances." (Doc. 10 at 7). Unfortunately for Lawrence, if he did submit "Medical Requests/Grievances," none of those are before the Court. An unchallenged review of the record, in fact, shows that Lawrence submitted "Sick Call Requests" related to the treatment of his wrist injury, but no grievances. (Doc. 28-2 at 23, 27, 30). *See Buchanan v. Maye*, No. 2:22-CV-00020-KGB-ERE, 2023 WL 2712699, at *5 (E.D. Ark. Mar. 30, 2023) ("[Plaintiff] cannot establish that he exhausted his administrative remedies as required by the PLRA through . . . a sick call request . . . instead, exhaustion depends on [Plaintiff] following the [institution's] grievance policy.").

In addition to his general "Sick Call Requests," however, there are two inmate submissions from Lawrence in the record that mention potential legal action: Sick Call Request #14,570,127 (Doc. 28-2 at 27) and Booking Pod (Req) #14,586,314 (Doc. 28-3 at 14); the Court considered whether those may constitute grievances. In the Sick Call Request, when asking about his follow-up appointments, Lawrence says, "[I] don't want my family suing the jail for medical negligence[.]" (Doc. 28-2 at 27). And, in the Booking Pod (Req), Lawrence requests "copies of my medical papers that are in my property please my lawyer wants me to get copies and let him know exactly what they say." (Doc. 28-3 at 14). The Court notes that neither of these submissions were in the form of a grievance, and neither of these submissions mentions any potential deliberate-indifference claims or any specific officer or staff member involved in any alleged constitutional violation as required by the CCDC grievance procedure.

In sum, in order to exhaust his deliberate-indifference claims against Defendants pursuant to the CCDC grievance procedure, Lawrence was required to file a "written

statement promptly after the incident"—a grievance—raising *that claim* with CCDC officials. (Doc. 28-4 at 54). The record lacks any indication that Lawrence filed such a grievance. And, as the Court discussed above, the CCDC grievance procedure specifically addresses civil rights concerns. *Id.* Because Lawrence failed to file a grievance raising his deliberate-indifference claim against Defendants, CCDC officials did not have notice of Lawrence's alleged deliberate-indifference claims and did not have the opportunity to investigate or resolve Lawrence's complaints. *Jones*, 549 U.S. at 219 (stating that the purposes of the PLRA's exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.").

Moreover, Lawrence has not presented any facts or evidence suggesting administrative remedies were unavailable to him. To the contrary, the record demonstrates Lawrence knew how to properly use the CCDC's grievance procedure and did so several times before filing this action. (*See, e.g.*, Doc. 28-3).

Because Lawrence failed to file a grievance raising his deliberate-indifference claims against Defendants as required by the CCDC grievance procedure, he failed to exhaust his administrative remedies in accordance with the PLRA. As such, the Court recommends that Defendants' Joint Motion for Summary Judgment be granted, and Lawrence's Amended Complaint be dismissed, without prejudice, for failure to exhaust available administrative remedies.

### III. CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Joint Motion for Summary Judgment (Doc. 28) be GRANTED.

2. Lawrence's Amended Complaint (Doc. 10) be DISMISSED, without prejudice, for failure to exhaust available administrative remedies.

DATED this 22nd day of April, 2024.

*/s/ Benecia Moore*
UNITED STATES MAGISTRATE JUDGE